IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Cv. No. 05-2503-B/V |
|  | Cr. No. 93-20239(G) |
| ROBERT FULTON HUMPHREY, | |
| Defendant. | |

ORDER CONSTRUING FILING AS MOTION PURSUANT TO
28 U.S.C. § 2244(b)(3)
ORDER DENYING MOTION TO ORDER THE RESPONDENT TO SHOW CAUSE
AND
ORDER TRANSFERRING MOTION PURSUANT TO 28 U.S.C. § 2244(b)(3)
TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Defendant Robert Fulton Humphrey, Bureau of Prisons inmate registration number 14399-076, an inmate at the Federal Correctional Institution in Memphis, Tennessee, filed a pro se motion pursuant to 28 U.S.C. § 2255 on July 14, 2005.

On September 9, 1993, a grand jury indicted Defendant on two counts of possessing a firearm and ammunition after conviction of a felony, and three related firearms counts.  On October 20, 1993, the grand jury issued a superseding indictment.  On July 1, 1994, United States District Judge Julia Gibbons conducted a hearing and determined that Humphrey was competent to stand trial.  On September 23, and October 28, 1994, the Court ordered additional mental evaluations of the Defendant.  On January 18, 1995, the

Court extended the evaluation period. On March 31, 1995, the Court conducted an additional competency hearing and again found the defendant competent to stand trial. On April 3, 1995, the defendant entered a guilty plea to counts 1 and 2 of the indictment. On July 7, 1995, the Court conducted the sentencing hearing and on July 24, 1995, entered a sentence of 180 months plus a five-year period of supervised release. Counts 3-5 of the indictment were dismissed. Defendant appealed, and the United States Court of Appeals for the Sixth Circuit affirmed this court's judgment and defendant's sentence. United States v. Humphrey, No. 95-6079 (6th Cir. June 13, 1996).

Defendant thereafter filed a motion under 28 U.S.C. § 2255, contending that his attorney provided ineffective assistance by failing to raise on appeal the issue of his competency to stand trial and enter a valid guilty plea, and by failing to object to the indictment. In a supplemental motion he also alleged that the predicate convictions used to sentence him under § 924(e) as an armed career criminal did not include a sufficient number of violent crimes. Judge Gibbons summarily denied his motion. United States v. Humphrey, No. 97-2370-G/A (W.D. Tenn. Nov. 19, 1997). Humphrey later filed a notice of appeal and a motion to disqualify the court. The Court denied the motion to disqualify, and the United States Court of Appeals for the Sixth Circuit denied a certificate of appealability. Humphrey v. United States, No.

98-5137 (6th Cir. July 27, 1998), reh'g en banc denied, (Nov. 17, 1998).

On December 15, 1998, Defendant signed a document styled as an "Order to Show Cause Why the Plaintiff Should Not Be Granted a Petition for Writ of Habeas Corpus Under Article.I,§ 9 Cl.2 of the United States Constitution Show Cause Under  28 U.S.C. § 2247 et seq. Show Cause 28 U.S.C. § 2243(b)(2)(3)."  Judge Gibbons construed the petition as a successive § 2255 motion and ordered the motion transferred to the Sixth Circuit Court of Appeals.  The Sixth Circuit dismissed the petition for want of prosecution. Humphrey v. United States, No. 99-2013-G/A (W.D. Tenn. Dec. 31, 1998); In re: Robert Fulton Humphrey, No. 99-5063 (6th Cir. Mar. 1, 1999).

Humphrey has now filed a third § 2255 motion, contending he is entitled to a new sentencing hearing in light of United States v. Booker, 543 U.S. 220 (2005) and Blakely v. Washington, 542 U.S. 296 (2004).  This motion is a successive § 2255 motion that cannot be filed in this district without obtaining permission from the United States Court of Appeals for the Sixth Circuit. 28 U.S.C. § 2244(b)(3)(A); see also United States v. Bender, 96 Fed. Appx. 344 (6th Cir. Apr. 26, 2004); McQueen v. Scroggy, 99 F.3d 1302, 1334-35 (6th Cir. 1996).  Under In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam), "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court

3

without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631.

Humphrey's latest motion cannot be filed in this district without permission from the Court of Appeals. Accordingly, his motion to order the respondent to show cause which was filed on September 21, 2005, is DENIED. Under <u>Sims</u>, 111 F.3d at 47, and 28 U.S.C. § 1631, it is hereby ORDERED that the Clerk transfer this motion to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED this 22nd day of December, 2006.

```
                                    s/ J. DANIEL BREEN
                                    UNITED STATES DISTRICT JUDGE
```